**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**RHODE ISLAND AND SOUTHEASTERN MASSACHUSETTS CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION No. 99**

CA No. 08 675

## COMPLAINT

## PARTIES

1. Plaintiff, Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association ("NECA"), is a management association with a principal place of business at 779 Park Avenue, Cranston, Rhode Island.

2. Defendant, International Brotherhood of Electrical Workers, Local Union No. 99 ("Local 99"), is a labor association with a principal place of business at 22 Amflex Drive, Cranston, Rhode Island.

## JURISDICTION

3. This Honorable Court has jurisdiction over the instant case by and through 9 U.S.C. § 9 and 29 U.S.C. § 185(c), concurrently.

## FACTS

4. NECA and Local 99 entered into a collective bargaining agreement effective June 1, 2006 through May 31, 2009 relative to inside construction ("Inside Agreement").

5. Section 2.05 of the Inside Agreement provides as follows:

"All contractors under this Agreement and contractors coming into

the jurisdiction of Local Union No. 99 shall post a payroll bond to cover the employees wages and payments to the Apprenticeship Training Fund, payments to the Health and Welfare fund, payments to the National Electrical Benefit Fund, payments to Local Union No. 99's Pension fund, payments to Local Union No. 99's Annuity fund, payments to Local Union No. 99's Working Assessment fund, payments to Local Union No 99's Political Action Committee fund, payments to the Local Unions No. 99"s Scholarship fund, payments to the RILMCC Trust fund.

Contractors coming into the jurisdiction of Local Union 99 and/or contractors who are frequently and habitually delinquent with payments may be required at the discretion of the R.I. L.M.C.C., Inc. Post the highest allowable bond. The bond shall provide that it may not be terminated without thirty (30) days prior written notice to the Local Union.

| | |
|---|---|
| 1 to 10 Employees | $20,000.00 |
| 11 to 20 Employees | $34,000.00 |
| 21 to 30 Employees | $50,000.00 |
| 31 to 40 Employees | $67,000.00 |
| 41 to 50 Employees | $84,000.00" |

6. NECA and Local 99 entered into a collective bargaining agreement effective June 1, 2006 through May 31, 2009 relative to residential work ("Residential Agreement").

7. Article VI, section 6.06(b) of the Residential Agreement provides as follows:

"All contractors under this Agreement and contractors coming into the jurisdiction of Local Union No. 99 shall post a payroll bond to cover the employees wages, payments to the National Electrical Benefit Fund, Apprenticeship Training Fund, Health and Welfare Fund, Local Union No. 99's Pension fund, Scholarship Fund, Reality Fund, LMCC, PAC and payment of the Working Dues, on the following graduated scale:

| | |
|---|---|
| 1 to 10 Employees | $20,000.00 |
| 11 to 20 Employees | $34,000.00 |
| 21 to 30 Employees | $50,000.00 |
| 31 to 40 Employees | $67,000.00 |
| 41 to 50 Employees | $84,000.00 |

> Contractors coming into the jurisdiction of Local Union 99 and/or contractors who are frequently and habitually delinquent with payments may be required at the discretion of The RILMCC, Inc., [to] post the highest allowable bond. The bond shall provide that it may not be terminated without thirty (30) days prior written notice to The Local Union."

8. NECA and Local 99 entered into a collective bargaining agreement effective June 1, 2006 through May 31, 2009 relative to Teledata Work ("Teledata Agreement").

9. Appendix "F" of the Teledata Agreement provides as follows:

> "All contractors under this Agreement and contractors coming into the jurisdiction of Local Union No. 99 shall post a payroll bond to cover the employees wages, payments to the National Electrical Benefit Fund, Apprenticeship Training Fund, Health and Welfare Fund, Local Union No. 99's Pension Fund, Scholarship Fund, Reality Fund, LMCC, PAC, and payment of the Working Dues, on the following graduated scale:

| | |
|---|---|
| 1 to 10 Employees | $20,000.00 |
| 11 to 20 Employees | $34,000.00 |
| 21 to 30 Employees | $50,000.00 |
| 31 to 40 Employees | $67,000.00 |
| 41 to 50 Employees | $84,000.00" |

10. The Inside Agreement, Residential Agreement and Teledata Agreement contain identical dispute resolution provisions, providing for dispute resolution as follows:

> "All grievances or issues in dispute shall be referred to a Labor-Management committee comprised of three (3) individuals representing the Union and three (3) representing Management In the event the Labor-Management Committee cannot resolve any particular matter, such shall then be referred to the Council on Industrial Relations for the electrical contracting industry ["CIR"] for adjudication."

11. In the aforesaid dispute resolution provisions, in each of the agreements the provisions specify that "The council's decisions shall be final and binding."

12. A dispute arose pertaining to Local 99's enforcement of the provisions in the Collective Bargaining Agreements mandating that existing signatory electrical contractors furnish copies of payroll and benefit bonds and that new signatory contractors, upon signing a contract, provide a copy of the contractors payroll and benefit bond.

13. The dispute as depicted in the previous paragraph was addressed by the Labor/Management Committee and was deadlocked.

14. Pursuant to the terms of the controlling Collective Bargaining Agreements, these matters were then brought before the CIR for adjudication.

15. On or about May 15, 2007, the CIR issued three (3) separate decisions instructing Local 99 to comply with the provisions of the three (3) Collective Bargaining Agreements in requiring all existing contractors and all new contractors to provide said bonds. (Exhibits "A", "B", and "C", respectively.)

16. Despite repeated demands, Local 99 has refused to provide a list of those signatory contractors that have and/or have not provided payroll and benefit bonds.

17. Despite repeated demands, Local 99 has refused to mandate procurement of payroll and benefit bonds from new signatory electrical contractors.

18. Upon information and belief, Local 99 is selectively enforcing the bond requirement on some existing signatory contractors, but not all. Likewise, upon information and belief, Local 99 is enforcing the bond requirement on some new signatory contractors, but not all.

**COUNT I**
**(Enforcement of Award)**

19. Plaintiff repeats and realleges paragraphs 1 through 18 as if set forth fully herein.

20. In accordance with Section 301 of the Labor Management Relations Act (29 USC §185) NECA is seeking to have the CIR's award confirmed by this Honorable Court.

WHEREFORE, NECA demands that this Honorable Court enter an order confirming the CIR's decision and that judgment enter on the award in favor of NECA, and against Local 99.

**COUNT II**
**(Attorneys' Fees)**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if set forth fully herein.

22. Local 99's continued refusal to comply with the CIR decisions is entirely without justification and represents bad faith.

23. As a direct and proximate result of Local 99's continued refusal to enforce the clear and unambiguous decisions rendered by the CIR, NECA has been relegated to seeking judicial enforcement of the CIR decisions as necessary and, therefore, this Honorable Court should award NECA its reasonable attorneys' fees and costs in so doing.

WHEREFORE, NECA requests that this Honorable Court award reasonable attorney's fees and costs against Local 99.

Plaintiff,
RHODE ISLAND AND SOUTHEASTERN MASSACHUSETTS CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION,
By Its Attorneys,

Girard Visconti, Esq. (#0566)
David L. Fine, Esq. (#7368)
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903
Phone: 401/331-3800
Facsimile: 401/421-9302

Dated: 2-27-08