**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND AND SOUTHEASTERN MASSACHUSETTS CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, | : | |
| v. | : | C.A. No. 08-67S |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION No. 99. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Now comes Defendant International Brotherhood of Electrical Workers, Local 99 ("Local 99") and avers and states:

1. Admitted.
2. Admitted.
3. Denied.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Denied.
11. Admitted.
12. Admitted.
13. Admitted.

14. Admitted.

15. Defendant neither admits nor denies the allegations of paragraph 15 and states that the decisions speak for themselves.

16. Denied.

17. Denied.

18. Denied.

**COUNT I**

19. Defendant incorporates by reference and restates its responses to paragraphs 1 through 19 of Plaintiff's Complaint as if set forth in full herein.

20. The allegations in paragraph 20 constitute a legal conclusion requiring no answer. To the extent a further answer may be required, Defendant denies the allegations in paragraph 20 of the Complaint.

**COUNT II**

21. Defendant incorporates by reference and restates its responses to paragraphs 1 through 21 of Plaintiff's Complaint as if set forth in full herein.

22. Denied.

23. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The decisions of the CIR, and each of them, are erroneous.

**THIRD AFFIRMATIVE DEFENSE**

The decisions of the CIR, and each of them, constitute a manifest disregard of the law and the contracts between the parties.

**FOURTH AFFIRMATIVE DEFENSE**

The decisions of the CIR, and each of them, do not draw their essence(s) from the agreements between the parties.

**FIFTH AFFIRMATIVE DEFENSE**

The CIR exceeded its authority in issuing the awards.

**SIXTH AFFIRMATIVE DEFENSE**

The awards, and each of them, are contrary to the express language of the agreements.

**SEVENTH AFFIRMATIVE DEFENSE**

The awards, and each of them, constitute impermissible modifications of the agreements.

**EIGHTH AFFIRMATIVE DEFENSE**

The CIR had no jurisdiction in relation to the awards.

**NINTH AFFIRMATIVE DEFENSE**

The awards, and each of them, are against public policy.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed because its allegations are identical to those made in its pending complaint before this Court in C.A. No. 07-371.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust its administrative remedies.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Complaint against it be dismissed, that the CIR awards, and each of them, be vacated and that judgment be entered thereon for Defendant, for its attorneys' fees and expenses incurred by it in defending against said Complaint, and such other relief as this Court deems equitable and just.

**LOCAL 99'S COUNTERCLAIM**

International Brotherhood of Electrical Workers, Local 99 ("Local 99") through its attorneys, bring this action seeking declaratory relief and compensatory, punitive, and treble damages, as well as attorneys' fees, against Rhode Island and Southeastern Massachusetts Chapter of the National Electrical Contractors Association ("NECA") for violation of the Rhode Island Anti-Trust Law for restraining employers from doing business with Local 99 for the purpose of excluding competition and driving down wages and benefits.

**JURISDICTION**

1. This Court has jurisdiction over the instant counterclaim by and through 28 U.S.C. § 1367.

## STATEMENT OF FACTS

2. NECA and Local 99 are parties to three collective bargaining agreements ("CBAs"), effective June 1, 2006 through May 31, 2009, governing terms and conditions of employment in the electrical industry.

3. In or about 2007, NECA filed three grievances under the CBAs alleging that Local 99 was failing to require new contractors to post payroll bonds to cover employee wages and payments to the various Local 99 Benefit Funds.

4. The grievances were brought before the Council for Industrial Relations ("CIR") for adjudication.

5. The CIR issued three decisions on or about May 15, 2007 requiring all contractors to post bonds.

6. The CIR decisions require contractors to post bonds of between $20,000 and $84,000 in order to perform work under the CBAs.

7. NECA filed the instant Complaint pursuant to 29 U.S.C. § 185(c) to enforce the CIR decisions.

8. The CIR decisions, if enforced, will restrain contractors who are financially unable to post bonds from performing work in the electrical industry.

9. NECA seeks to enforce the CIR decisions to unreasonably exclude competition and restrain trade in the electrical industry.

10. The effect of the CIR awards, if enforced, will be to lessen competition and grant NECA and other wealthy contractors a monopoly over the electrical industry.

11. The CIR awards, if enforced, will restrain employees in their choice of employers to those financially able to post bonds, as aforesaid.

12. As a result of the decreased pool of employers, employee hours and wages will decline.

13. As a proximate result of NECA's acts and/or omissions, including but not limited to those alleged herein, Local 99 has suffered, and will continue to suffer, injury to its trade or business, including but not limited to, economic losses.

14. As a proximate result of NECA's acts and/or omissions, including but not limited to those alleged herein, Local 99 members have suffered, and will continue to suffer, injury in form of reduced wages and benefits.

**VIOLATION OF RHODE ISLAND ANTI-TRUST LAW**

15. NECA, by its acts and/or omissions, including but not limited to those alleged herein, established, maintained, or used a monopoly, or attempted to establish a monopoly of trade or commerce, for the purpose of excluding competition or controlling, fixing and/or maintaining prices, in violation of R.I.G.L. §6-36-5, which is actionable pursuant to R.I.G.L. §6-36-11, thereby causing Local 99 to sustain damages as aforesaid.

**WHEREFORE,** Local 99 prays that this Court grant the following relief:

1. A declaratory judgment declaring that NECA, by its acts and/or omissions, including by not limited to those alleged herein, has violated the Rhode Island Anti-Trust Law, R.I.G.L. § 6-36-5;

2. An award vacating the CIR awards insofar as their enforcement violates the Rhode Island Anti-Trust Law, R.I.G.L. § 6-36-5;

3. Compensatory, punitive and treble damages pursuant to R.I.G.L. § 6-36-11;

4. An award of reasonable attorney's fees and costs of suit pursuant to R.I.G.L. § 6-36-11; and

5. Such other and further relief as this Court deems just and proper.

IBEW Local 99,

By its Attorneys,

/s/ Elizabeth Wiens
Marc B. Gursky, Esq. (#2818)
Elizabeth Wiens, Esq. (#6827
Gursky Law Associates
420 Scrabbletown Rd., Suite C
N. Kingstown, RI 02852
401-294-4700
401-294-4702/fax

CERTIFICATION

I hereby certify that I electronically filed the within Answer and Counterclaim on April 3, 2008. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on Girard Visconti, Esq. has been effectuated by electronic means.

I further certify that I mailed a copy of the instant Answer and Counterclaim to the Rhode Island Attorney General via certified mail, return receipt requested, as required by R.I.G.L. § 6-36-21.

/s/ Elizabeth A. Wiens