**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**RHODE ISLAND AND SOUTHEASTERN MASSACHUSETTS CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION**

**v.** **C.A. No. 08-67S**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION No. 99**

**PLAINTIFF'S RULE 16 STATEMENT OF CLAIMS**

The plaintiff, Rhode Island and Southeastern Massachusetts Chapter of the National Electrical Contractors Association ("NECA"), filed the instant complaint pursuant to the National Labor Relations Act ("NLRA") and/or the Federal Arbitration Act ("FAA") against the defendant, International Brotherhood of Electrical Workers, Local Union No. 99 ("Local 99"). The action seeks to enforce three separate arbitration awards, as well as reasonable costs and attorney's fees incurred relative to the bringing of this action.

**I. BACKGROUND**

NECA and Local 99 are signatory to three separate collective bargaining agreements which purport to oversee and regulate the local electrical industry. The agreements each contain similar dispute resolution provisions. Those provisions specify that grievances are to be filed with the Council on Industrial Relations ("CIR"), an arbitral body. In or about 2007, NECA filed three separate grievances with the CIR seeking mandates that Local 99 comply with the clauses within the collective bargaining agreements requiring signatory contractors to post certain payroll and fringe benefit bonds. The CIR issued three decisions, each in favor NECA.

Subsequently, despite repeated demands, Local 99 has steadfastly refused to comply with

the CIR decisions. Therefore, NECA filed the civil action at bar under the auspices of the NLRA and/or the FAA, to enforce the CIR decisions.

**II. JURISDICTION**

The NLRA sets forth the jurisdictional parameters for lawsuits such as this; to enforce arbitration decisions. In this regard, 29 U.S.C. §185(a) provides as follows:

> "Suits for violation of contracts between an employer and a labor organization representing employees and an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any District Court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Further, 29 U.S.C. §185(c) provides as follows:

> "For the purposes of actions and proceedings by or against labor organizations in the District Courts of the United States, District Courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

In addition to the NLRA, the FAA, at 9 U.S.C. §9, provides as follows:

> "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States Court in and for the district within which such award was made."

The Circuit Courts are split over whether civil actions to confirm arbitration awards pursuant to a collective bargaining agreement–such as the one at bar– are properly filed pursuant to the NLRA or per the FAA. *E.g.*, *Cleveland v. Porca Co.*, 38 F.3d 289 (7th Cir. 1994) (in seeking to confirm arbitration award created by virtue of collective bargaining agreement, recourse is with NLRA, not FAA); *Consolidation Coal Co. v. Local 1643, United Mine Workers*, 48 F.3d 125 (4th Cir. 1995) (although FAA does not apply to disputes stemming from collective bargaining agreements, its evident partiality standards may be applied to such arbitration awards); *Pryner v. Tractor Supply Co.,* 109 F.3d 354 (7th Cir. 1997) (FAA generally applicable to collective bargaining agreements).

**III. ENFORCEMENT OF ARBITRATION AWARD**

In reviewing an arbitration award in the labor context, the United States Supreme Court has indicated a strong federal policy favoring the voluntary settlement of labor disputes, noting that, "[a] labor arbitration award is valid so long as it 'draws its essence' from the labor contract." *Boston Celtics Ltd. P'ship v. Shaw*, 908 F.2d 1041, 1045 (1st Cir. 1990) (citing *United Steel Workers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593 (1960)). "An award 'draws its essence' from the contract so long as the 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.'" *Id.* (quoting *United Paper Workers Int'l v. Misco*, 484 U.S. 29 (1987)).

Therefore, any exception to the general rule forbidding the court from finding an arbitrator's interpretation outside the authority delegated to him by the contract is "extremely narrow." *Id.* (citing *Crafts Precision Indus., Inc. v. Lodge No. 1836 Int'l Ass'n of Machinists*, 889 F.2d 1184, 1185 (1st Cir. 1989)).

The First Circuit will "uphold an arbitrator's interpretation of a contract as long as [it] can

find some 'plausible argument that favors his interpretation.'" *Id.* (citations omitted).

Here, it is undisputed that the collective bargaining agreements, duly negotiated and executed by and between NECA and Local 99, mandate that signatory contractors post bonds. It is undisputed that this matter was filed as a grievance and arbitrated before the CIR, and that the CIR interpreted the collective bargaining agreements and found in favor of NECA. Lastly, it is undisputed that Local 99 now refused to comply with the arbitration decisions.

**IV. ATTORNEY'S FEES**

With respect to attorney's fees, the consensus among the Circuit Courts is that reasonable costs and attorney's fees may be awarded at the discretion of the Court in the event that one party's refusal to comply with the arbitrator's decision is shown to be tantamount to bad faith. *E.g., Food Handlers Local 425, etc. v. Valmac Indus., Inc.*, 528 F.2d 217 (8th Cir. 1975).

Here, Local 99 has offered no rationale behind its refusal to mandate that signatory contractors procure sufficient bond protection. Instead, on information and belief, the union is in fact enforcing this requirement on a selective and subjective basis. Consequently, the actions of Local 99 in refusing to comply with CIR's decisions is tantamount to bad faith and an award of reasonable costs and fees is warranted in this instance.

Plaintiff,
By Its Attorneys,

/s/ David L. Fine

Girard R. Visconti, Esq. (#0566)
David L. Fine, Esq. (#7368)
VISCONTI & BOREN LTD.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

**CERTIFICATION**

I hereby certify that I electronically filed the within on the 2nd day of May, 2008. The foregoing is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the individuals below has been effectuated by electronic means.

Marc B. Gursky, Esq.
Elizabeth A. Wiens, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

/s/ David L. Fine, Esq.